**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE QUALCOMM ANTITRUST LITIGATION** | **MDL DOCKET NO. 2773** |

**PLAINTIFFS DANIEL CARROLL, DEBRA GRASL, AMANDA NEWSOME, ARMANDO HERRERA, EDEN WAGNER, AND NEIL WAGNER'S RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), plaintiffs Daniel Carroll, Debra Grasl, Amanda Newsome, Armando Herrera, Eden Wagner, and Neil Wagner, the named plaintiffs in the cases captioned, *Carroll et al. v. Qualcomm, Incorporated*, Case No. 3:17-cv-216 (S.D. Cal.), filed February 2, 2017 (the "*Carroll* Action") and *Herrera et al. v. Qualcomm, Incorporated*, Case No. 3:17-cv-273 (S.D. Cal.), filed February 10, 2017 (the "*Herrera* Action") (collectively, the "Carroll Plaintiffs"),[1] hereby submit this interested party response to the pending motions to transfer noticed by the Clerk of the JPML in the action captioned above. The Respondents support the coordination and centralization of all actions, but submit that the best venue is the Southern District of California.

## I. INTRODUCTION

On February 2, 2017 and February 10, 2017, the Respondents filed their complaints against Defendant Qualcomm, Incorporated ("Qualcomm" or "Defendant") in the United States District Court for the Southern District of California on behalf of several classes indirect

[1] Respondents filed their Notices of Related Action and attached complaints with the Panel on February 3, 2017 (Dkt. No. 9) and February 14, 2017 (Dkt. No. 35), respectively.

purchasers of smartphones whose prices were allegedly impacted by Qualcomm's violation of its fair, reasonable, and nondiscriminatory ("FRAND") patent licensing requirements for phones using third generation ("3G") or later cellular technology. Respondents' complaints alleged violations of The Sherman Act as well as California's Business and Professions Code § 16720 ("The Cartwright Act") and §§ 17200 *et seq*. (the "Unfair Competition Law" or "UCL"), as well as Illinois, North Dakota, North Carolina, and Utah state antitrust and consumer protection law. The *Nelson* Action has been assigned to Judge Michael M. Anello, while the *Herrera* Action is currently assigned to Judge Janis L. Sammartino.

Respondents here are plaintiffs from five different states who each allege claims arising out of the state laws governing their purchases of smartphones whose prices were impacted by Defendant's patents who have chosen the Southern District of California to commence their litigation.

On January 26, 2017, Plaintiffs Jordie Bornstein, Cordt Byrne, Elliot Carter, Jeff Ciotti, Dwight Dickerson, Matthew Christianson, Logan Griesemer, Ryan Hart, William Horton, Steve Krug, Gail Margolis, Kate Mortensen, Alyssa Nee, Christopher Whalen, Stephan Farid Wozniak, and Christopher Zayas-Bazan, indirect purchasers named in the *Bornstein* Action, filed a motion to transfer the actions to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* Dkt. No. 1.

The Carroll Plaintiffs concur and join in the Transfer Motion insofar as it requests transfer and consolidation of all the Related Actions. The Carroll Plaintiffs submit that the Southern District of California would be the more appropriate transferee forum because: (1) it is the primary place of business for Defendant and most of the witnesses and documentary discovery is situated in the Southern District of California; and (2) Direct Purchaser Plaintiff Apple has chosen the Southern District of California as the most appropriate venue. However, the Respondents would also take no issue with a transfer to the Northern District as the site of the FTC action.

# ARGUMENT

## A. Centralization Is Appropriate

Respondents agree that the related actions should be centralized in the Southern District of California as is requested by Plaintiffs in the *Bornstein* Action. *See* Dkt. No. 1.

## B. The Southern District of California is the Appropriate Forum for Coordinated Pretrial Proceedings

Should the Panel conclude that transfer is both fair and efficient, the litigation should be centralized in the Southern District of California. 28 U.S.C. §1407 also guides the Panel's determination of the appropriate district to coordinate pre-trial proceedings in the Related Actions. The Southern District of California is the principal place of business for Defendant Qualcomm, the sole Defendant in all of the Related Actions, and most of the witnesses and documents are likely to be in the District. Further, the Southern District of California is replete with judges with significant class action and MDL experience.

### 1. The Southern District of California Is the Principal Place of Business for Defendant Qualcomm

In determining the proper forum for centralization of these related actions, the Panel should consider that the potential witnesses and documents are located in the Southern District of California. *See, e.g., In re Union Pac. R.R. Co. Employment Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) (transferring to forum where witnesses and documents were located); *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (noting "many parties, witnesses and documents are likely to be found in that district"); *In re Unumprovident Corp. Sec. Derivative &"ERISA" Litig.*, 280 F. Supp. 2d 1377, 1380 (J.P.M.L. 2003) (noting "relevant witnesses and documents will likely be found there").

As noted in the Carroll Plaintiffs' Complaints, as well as those filed in the other Related Actions, Defendant has its principal place of business in the City of San Diego, which is located within the Southern District of California. As such, relevant employees, witnesses and documents are extremely likely to be located within the Southern District of California, and the Related Actions should be centralized there.

*See, e.g*, *In re: Monsanto Co. Genetically-Engineered Wheat Litig.*, 978 F. Supp. 2d 1373 (J.P.M.L. 2013) (centralizing in the District of Kansas because of its proximity to "the common evidence…including witnesses and documents"); *In re: Stericycle, Inc.*, 959 F. Supp. 2d 1356, 1357 (J.P.M.L. 2013) (centralizing in the Northern District of Illinois because the Defendant was headquartered in that District and "thus many of its witnesses and documents are likely to be found there.").

**2. Direct Purchaser Plaintiff Apple Has Chosen the Southern District of California As the Most Appropriate Venue**

As noted *supra*, the *Apple* Action was filed in the Southern District of California. Direct Purchaser Plaintiff Apple's action is likely to involve enormous discovery on the parts of both Apple and Qualcomm and will likely overlap in large part with those of the Indirect Purchaser Actions. Apple's decision to file in the Southern District of California as the most appropriate venue is worthy of notice by this Panel.

## II. ALTERNATIVES TO CENTRALIZATION

In setting a briefing schedule for this MDL, the Clerk of the Panel specifically required that "the parties should address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." *See* Dkt. No. 3.

Respondents are open to discussing alternatives to centralization with counsel for all parties, but as yet have not been contacted by any parties seeking alternatives to centralization.

## III. CONCLUSION

For the reasons set forth above, the Carroll Plaintiffs respectfully request that the Panel enter an Order centralizing and coordinating the Related Actions together with any similar actions subsequently filed or removed and transferring the cases to the Southern District of California.

DATED: February 16, 2017

Respectfully submitted,

By: */s/ Fred Taylor Isquith, Sr.*

Fred Taylor Isquith, Sr.
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
(212) 545-4600
(212) 686-0114 (fax)
isquith@whafh.com

***Attorney for Plaintiffs Daniel Carroll, Debra Grasl, Amanda Newsome, Armando Herrera, Eden Wagner, and Neil Wagner***